UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RAFAEL TORRES,

    Plaintiff,

v.                                                 Case No. 8:21-cv-0622-KKM-SPF

SAFECO INSURANCE COMPANY
OF ILLINOIS,

    Defendant.
_____/

## ORDER

On March 24, 2021, Defendant Safeco Insurance Company of Illinois moved to dismiss Count II of Plaintiff Rafael Torres's complaint. (Doc. 6). Torres filed a response in opposition to the motion on April 1, 2021. (Doc. 10). For the reasons discussed below, the Court grants Safeco's motion to dismiss Count II.

On February 16, 2021, Torres filed a complaint in the Twelfth Judicial District in and for Sarasota County, Florida, alleging two counts: a claim for uninsured/underinsured motorist benefits (Count I) and a statutory bad faith claim under Florida law (Count II). (Doc. 1-1 at 2–3). On March 17, 2021, Safeco filed a notice of removal in this Court, invoking diversity jurisdiction under 28 U.S.C. § 1332. (Doc. 1 at 2). One week later, Safeco filed a motion to dismiss Count II of Torres's

1

complaint, arguing that the statutory bad faith claim is premature and not yet ripe because Torres must "first prevail in his claim for UM coverage—count one—before he can bring a claim for bad faith." (Doc. 6 at 1). In his response in opposition to the motion, Torres does not contest that the bad faith claim is premature, but only that "[t]he proper course is for Count Two to be abated, not dismissed, until coverage and damages have been determined." (Doc. 10 at 2).

"[A]n insured's underlying first-party action for insurance benefits against the insurer necessarily must be resolved favorably to the insured before the cause of action for bad faith in settlement negotiations can accrue." *Blanchard v. State Farm Mut. Auto. Ins. Co.*, 575 So. 2d 1289, 1291 (Fla. 1991); *see Fridman v. Safeco Ins. Co. of Ill.*, 185 So. 3d 1214, 1224 (Fla. 2016) (concluding that "an insured is entitled to a determination of liability and the full extent of his or her damages in the UM case prior to filing a first-party bad faith action"). Without finding an insurer liable under a policy for underinsured motorist benefits, an insured has no bad faith claim. *Blanchard*, 575 So. 2d at 1291; *see Bottini v. GEICO*, 859 F.3d 987, 993 (11th Cir. 2017). Accordingly, where Torres has brought a bad faith claim before the underlying UM claim has been resolved, the bad faith claim is premature. *See Nelson v. Travelers Home and Marine Ins. Co.*, Case No: 6:15-CV-1137-Orl-22TBS, 2015 WL 12830480, at *1 (M.D. Fla. Aug. 19, 2015).

The remaining question—and the one disputed by the parties—is whether the

bad faith claim should be dismissed without prejudice or abated until resolution of the underlying coverage dispute in Count I. *See id.* Torres argues that in *Fridman v. Safeco Insurance Company of Illinois*, 185 So. 3d at 1230, the Florida Supreme Court "made clear that abatement is an appropriate procedural device." (Doc. 10 at 2). But although *Fridman* approved of abatement as a procedural mechanism, the Florida Supreme Court did not mandate that abatement must be used when bad faith claims are brought before the determination of damages is obtained. *See Fridman*, 185 So. 3d at 1229–30 (concluding only that the trial court did not err by retaining jurisdiction to determine the insured's right to amend the complaint to add a claim for bad faith, reasoning that it was consistent with Florida precedent and noting that abatement is "*an* appropriate procedural device," not *the* only appropriate procedural device) (emphasis added). Additionally, *Fridman* approvingly cited Florida caselaw that stated trial courts have discretion to abate *or* dismiss statutory claims, *see id.* at 1229 (quoting *Vanguard Fire & Cas. Co. v. Golmon*, 955 So. 2d 591, 595 (Fla. Dist. Ct. App. 2006)), and even Torres acknowledges this discretion in his response, (Doc. 10 at 1) (citing *Gilbert v. State Farm Mut. Auto. Ins. Co.*, 95 F. Supp. 3d 1358 (M.D. Fla. 2015) for the proposition that "[t]he trial court has the discretion of whether the bad faith count should be dismissed without prejudice or abated until resolution of the underlying coverage dispute").

Moreover, any concern that the choice of dismissal over abatement will result in

3

judicial inefficiency because of the risk of inconsistent verdicts has been resolved by Florida appellate courts, which have held that the initial action between the insurer and the insured fixes the amount of damages in a first-party bad faith action. *Nelson*, 2015 WL 12830480, at *4 (citations omitted). And abatement does not guarantee "the orderly and efficient management of the case." *Id.* Indeed, the issue of coverage under Count I "will be determined, at the earliest, at the summary judgment phase of this case following completion of discovery, or, at the latest, at the time of trial." *Id.* "Postponing discovery on the bad faith claim until the conclusion of the summary judgment phase— at the very soonest—has the potential to unreasonably delay the ultimate resolution of the entire case." *Id.* Accordingly, exercising its discretion, the Court will dismiss, rather than abate, Torres's bad faith claim in Count II of the complaint.

It is **ORDERED**:

(1) Safeco's motion to dismiss Count II of Torres's complaint is **GRANTED**. Count II (the bad faith claim) is **DISMISSED WITHOUT PREJUDICE**.

(2) By **May 28, 2021**, Safeco must file an answer to Torres's complaint.

**ORDERED** in Tampa, Florida, on May 12, 2021.

*/s/ Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge